IN THE CIRCUIT COURT
ST. LOUIS COUNTY
STATE OF MISSOURI
ASSOCIATE DIVISION

| | |
|---|---|
| JENNIFER REBOLLO | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| BAY AREA CREDIT SERVICE, LLC. | ) |
| | ) Division |
| Defendant. | ) |
| | ) |
| Serve Defendant at: | ) |
| Sunil Rajadhyaksha, Par Chadha or Reg. Agent | ) |
| 1901 West 10th Street | ) |
| Antioch, CA 94509 | ) |

## PETITION

COMES NOW, Plaintiff, Jennifer Rebollo, and for her Petition states as follows:

### INTRODUCTION

1.  This is an action for statutory damages brought by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 USC 1692 *et. Seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### JURISDICTION

2.  This Court has jurisdiction of the FDCPA claim under 15 USC 1692k(d).

### PARTIES

3.  Plaintiff is a natural person currently residing in St. Louis County, Missouri. Plaintiff is a "consumer" within the meaning of the FDCPA. The alleged debt Plaintiff owes arises out of consumer, family, and household transactions.

4.  Specifically, the alleged debt arises out of Plaintiff's cable television service. Plaintiff purchased that service for household use only.

1

5.  Defendant is a foreign corporation with its principal place of business in Antioch, CA. The principal business purpose of Defendant is the collection of debts in Missouri and nationwide, and Defendant regularly attempts to collect debts alleged to be due another.

6.  Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant is "debt collectors" as defined by the FDCPA.

## FACTS

7.  Defendant began collection activity with Plaintiff in April, 2012. The collection activity consisted of a dunning letter bearing the date of April 13, 2012 which Plaintiff received on or about April 17, 2012.

8.  To the best of Plaintiff's knowledge, Defendant also placed several calls to Plaintiff's cellular phone that showed up as "blocked" on her caller identification screen.

9.  Plaintiff called Defendant about the debt on May 4, 2012.

10. This call occurred within the statutory dispute / verification period as per 15 U.S.C. 1692g.

11. During the call, Plaintiff informed Defendant that she wanted Defendant to validate the debt, and that she wanted verification of the debt.

12. In response, Defendant told Plaintiff it would not validate the debt. Defendant told Plaintiff that she had no right to get verification of the debt.

13. Thereafter, in the same call, Defendant told Plaintiff that she needed "to take care of this right now."

14. Since the call, Defendant has taken no action to validate the debt but has continued its collection activity against Plaintiff.

15. Defendant lied about Plaintiff's right to request validation and/or verification and to dispute the debt in order to bait Plaintiff into making an immediate payment.

2

16. Defendant's conduct caused Plaintiff to believe that she had no right to get verification of the large balance Defendant was attempting to collect. Defendant's conduct caused Plaintiff to believe that she had no right to dispute the large balance Defendant was attempting to collect.

17. Plaintiff has experienced, sleeplessness, mental anguish, embarrassment and worry as a result of Defendant's actions.

### COUNT I: VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

19. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, *15 USC 1692 et. seq.*, including, but not limited to, the following:

    a. Using unfair or unconscionable means to collect or attempt to collect the alleged debt. 15 USC 1692f.

    b. Engaging in conduct that the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt. 15 USC § 1692d.

    c. Overshadowing Plaintiff's dispute, validation, and verification rights. 15 USC § 1692g.

    d. Refusing to honor Plaintiff's timely validation request. 15 USC § 1692g.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

    A. Judgment that Defendant's conduct violated the FDCPA;

    B. Actual damages;

    C. Release of the alleged debt;

    D. Statutory damages, costs and reasonable attorney's fees pursuant to 15 USC 1692(k); and

    E. For such other relief as the Court may deem just and proper.

3

EASON & VOYTAS, LLC

JAMES W. EASON, #57112
RICHARD A. VOYTAS, #52046
EASON & VOYTAS, LLC
One North Taylor Avenue
St. Louis, Missouri 63108
Phone: (314) 932-1066
Fax:     (314) 667-3161
Email: james.w.eason@gmail.com
          rickvoytas@gmail.com

4